NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MARK BODROG, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:17-cv-03956-BRM-DEA |
| NEW JERSEY STATE POLICE and THE INSTITUTE FOR FORENSIC PSYCHOLOGY, | : | **OPINION** |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant New Jersey State Police's ("NJSP") Motion to Dismiss for Lack of Jurisdiction. (ECF No. 13.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, NJSP's Motion to Dismiss is **GRANTED.** Because all claims over which this Court has original jurisdiction are dismissed, pursuant to 28 U.S.C. § 1367(c) this Court declines to exercise supplemental jurisdiction over Plaintiff Mark Bodrog's ("Bodrog") state law claims. Therefore, the Court **REMANDS** the matter to the Superior Court of New Jersey, Mercer County.

**I.    BACKGROUND**

For the purposes of the Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Bodrog. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The central dispute in this motion is whether Bodrog's Americans with Disabilities Act ("ADA") (Count I) and Uniformed Services

Employment and Reemployment Rights Act ("USERRA") (Count III) claims against NJSP are barred by Eleventh Amendment Immunity.

While the underlying facts giving rise to this litigation are not relevant to NJSP's Motion to Dismiss, for the purpose of providing background, the Court will briefly summarize them. In February 2014, Bodrog applied for a position with the NJSP. (ECF No. 1 ¶ 10.) In April 2014, he passed the NJSP online initial entrance application. (*Id.* ¶ 11.) In June 2014, he passed the Physical Qualification Test, placing in the top ten candidates in the physical testing. (*Id.* ¶ 12.) In August 2014, he also passed the written examination. (*Id.* ¶ 13.)

On December 8, 2014, Bodrog was interviewed by the NJSP and provided NJSP with a complete medical history and authorization release form for them to obtain any medical records relating to him. (*Id.* ¶ 15.) On May 27, 2015, he was asked to report to West Trenton for a full medical evaluation. (*Id.* ¶ 17.) "During this medical evaluation, another request for his medical documentation was made, to which [] Bodrog fully responded." (*Id.* ¶ 18.) Bodrog passed the medical examination and provided all the requested documentation on May 30, 2015. (*Id.* ¶ 19.)

In June 2015, he was asked to submit to a psychological examination conducted by The Institute of Forensic Psychology. (*Id.* ¶ 20.) At the psychological interview, he was questioned about a Post-Traumatic Stress Disorder ("PTSD") diagnosis from the Veteran's Administration Hospital in Philadelphia. (*Id.* ¶ 22.) On June 23, 2015, Bodrog received a phone call from the NJSP informing him "he could no longer continue in the process and was being rejected from the Academy." (*Id.* ¶ 25.) He was advised he could re-apply, but was not provided a reason for his discontinuance. (*Id.* ¶ 26.) Bodrog alleges "the psychological interview . . . resulted in the cancellation of [his] candidacy," and that, as a result, he was discriminated against based on his status as a United States combat veteran and his disability. (*Id.* ¶¶ 32, 36.)

On June 1, 2017, Bodrog filed a Complaint against NJSP and The Institute for Forensic Psychology, alleging: (1) NJSP violated the ADA; (2) NJSP violated the New Jersey Law Against Discrimination ("NJLAD"); (3) NJSP violated the USERRA; (4) promissory estoppel against NJSP; and (5) tortious interference against The Institute for Forensic Psychology. (ECF No. 1.) On June 29, 2017, The Institute for Forensic Psychology filed an Answer to the Complaint. (ECF No. 4.) On October 20, 2017, NJSP filed a Motion to Dismiss for Lack of Jurisdiction. (ECF No. 13.) Bodrog opposes this Motion. (ECF No. 17.)

## II. LEGAL STANDARD

Rule 12(b)(1) mandates the dismissal of a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Typically, when jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuading the court that subject-matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). However, because "Eleventh Amendment immunity can be expressly waived by a party, or forfeited through non-assertion, it does not implicate federal subject matter jurisdiction in the ordinary sense," and therefore, a party asserting Eleventh Amendment immunity bears the burden of proving its applicability. *Christy v. Pa. Turnpike Comm.*, 54 F.3d 1140, 1144 (3d Cir. 1994); *see also Carter v. City of Phila.*, 181 F.3d 339, 347 (3d Cir. 1999).

When evaluating a Rule 12(b)(1) motion to dismiss, a court must first determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the

existence of subject-matter jurisdiction in fact, apart from any pleadings. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). If the motion consists of a facial attack, the court "must accept the complaint's allegations as true," *Turicentro v. Am. Airlines*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), and "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff," *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d. at 891). However, if the motion involves a factual attack, "the court may consider evidence outside the pleadings." *Gould*, 220 F.3d at 176 (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997)). Here, the Motion to Dismiss for Lack of Jurisdiction is a facial attack, because NJSP asserts it is immune from Bodrog's claims as pled. Therefore, on this question of immunity, the Court's review is limited to the allegations in the Complaint, which the Court must accept as true and view in the light most favorable to Bodrog.

## III. DECISION

### A. ADA Claim (Count I) is Barred by Eleventh Amendment

NJSP argues Bodrog's ADA claim should be dismissed because it is barred by the Eleventh Amendment. (ECF No. 13-1 at 1-2.) Bodrog argues NJSP is not entitled to sovereign immunity because, "[w]ith respect to Title II of the ADA, it is clear that the [sic] Congress fully intended to abrogate state sovereign immunity." (ECF No. 17-1 at 6.)

"That a State may not be sued without its consent is a fundamental rule of jurisprudence." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (quoting *Ex parte State of New York*, 256 U.S. 490, 497 (1921)). This protection is afforded by the Eleventh Amendment, which provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of

another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. States are immune from suits in federal court brought by their own citizens, or citizens of other states, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01; *see also Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) ("The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought . . . .").

Courts have held that the NJSP is an arm of the state and therefore immune from federal law suits pursuant to the Eleventh Amendment. *See Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 489 (D.N.J. 2006); *Simmerman v. Corino*, 804 F. Supp. 644, 650 (D.N.J. 1992), *aff'd*, 16 F.3d 405 (3d Cir. 1993). Contrary to Bodrog's argument, courts have also concluded the Eleventh Amendment bars employment-related, Title I suits such as this one against a state under the ADA. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001); *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 165 (3d Cir. 2002). As such, Bodrog's ADA claim is barred by Eleventh Amendment immunity and NJSP's Motion to Dismiss this claim is **GRANTED**.

**B. USERRA Claim (count 3) is Barred by Eleventh Immunity**

Bodrog alleges he was not admitted into NJSP's Academy because of his military status, and, therefore, brings a claim of discrimination under USERRA. (ECF No. 1 ¶¶ 63-68.) NJSP argues federal courts do not have jurisdiction over suits by an individual against a state as an employer under the USERRA, and therefore this claim must be dismissed.

USERRA was enacted, in part, "to prohibit discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3). It prohibits discrimination in employment on the basis of military service:

> A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform

> service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a). An employer violates USERRA if "the person's membership [in the military] is a motivating factor in the employer's action." *Id*. 4311(c)(1). An employer, however, does not violate the Act if "the employer can prove that the action would have been taken in the absence of such membership." *Id.*

USERRA articulates three separate types of claims and identifies which courts have jurisdiction over those claims:

> (b) Jurisdiction. (1) In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.
>
> (2) In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.
>
> (3) In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

38 U.S.C. § 4323(b). There is no doubt Bodrog's cause of action falls under subsection (b)(2) of the statute, as he commenced this action against a State and is a "person."

Section 4323(b)(2) unambiguously confers jurisdiction only on state courts over suits against a state employer by a person. 38 U.S.C. § 4323(b)(2). Although there is no Third Circuit or New Jersey District Court precedent on this issue, other Circuits have found 38 U.S.C. § 4323(b)(2) confers jurisdiction only on state courts over suits against a state employer. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008); *McIntosh v. Partridge*, 540 F.3d 315, 321 (5th Cir. 2008); *Velasquez v. Frapwell*, 165 F.3d 593, 593 (7th Cir. 1999).

6

In *Townsend*, the Ninth Circuit decided "that the district court correctly dismissed Townsend's suit against the State for lack of subject matter jurisdiction. Indeed, not only has Congress failed to evince an intent to abrogate the states' sovereign immunity, 'Congress's intention to limit USERRA suits against states to state courts is unmistakable.'" 543 F.3d at 485 (quoting *Velasquez*, 165 F.3d at 594). Similarly, the court in *McIntosh* held "[a]fter examining the text of the statute in its current and prior forms, we see no 'unmistakable clear' intention by Congress to abrogate state sovereign immunity by allowing individuals to bring USERRA claims against states as employers in federal court." 540 F.3d at 321. This Court agrees. Accordingly, NJSP's Motion to Dismiss this claim is **GRANTED**. Bodrog may assert this claim in the Superior of New Jersey, Mercer County.

**C. Supplemental Jurisdiction**

As to Bodrog's NJLAD (Count II), promissory estoppel (Count IV), and tortious interference (Count V) claims, this Court declines to exercise supplemental jurisdiction over these state law claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. Cty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-85. Here, because Bodrog's

7

NJLAD, promissory estoppel, and tortious interference claims are based purely on state law, they are not claims over which the Court has original jurisdiction. Therefore, at this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Bodrog's remaining state law claims against Defendants. The Court remands the matter to the Superior of New Jersey, Mercer County.

**IV.  CONCLUSION**

For the reasons set forth above, NJSP's Motion to Dismiss is **GRANTED**. The Court **REMANDS** the matter to the Superior Court of New Jersey, Mercer County. An appropriate Order will follow.

Date: May 29, 2018

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**